HALL, Judge.
Plaintiff, Gentry & Holder Floors, Inc., brought suit against defendant, Edward Nader, to recover the sum of $180 as the price for installing a tile floor in the kitchen and den of defendant’s home. Defendant . denied liability and reconvened for damages, alleging the existence of defects in the floor due to bad workmanship on the part of the plaintiff. After trial, in accordance with a well-considered written opinion by the trial judge, judgment was rendered in favor of plaintiff as prayed for- and defendant’s reconventional demand was rejected. Defendant appealed.
Defendant contracted with plaintiff for plaintiff to install new Armstrong Vinyl Corlon flooring purchased by defendant from a third party in defendant’s kitchen and den at an agreed price of $180. Plaintiff installed the new sheet flooring which came in rolls over an existing asphalt tile floor, after sanding the existing floor. The new flooring was affixed to the old floor with a mastic glue and with a special epoxy glue at the seams, all in accordance with the manufacturer’s specifications.
Defendant resists payment of the contract price because of the alleged existence of certain defects which defendant contends are due to bad workmanship on the part of plaintiff. The burden of proof is on defendant to prove both the existence of the defects and that the defects were caused by plaintiff’s bad workmanship.
The written, opinion of the trial judge reviews the evidence and testimony in detail and concludes that while the evidence shows defendant has some problems with the flooring, the preponderance of the evidence clearly shows these problems are not the fault of plaintiff. After reviewing the evidence this court is in full accord with the findings of the trial judge and it would serve no useful purpose to repeat the facts in detail in this appellate opinion.
Defendant’s evidence can be summarized as showing that at the time of trial there were some slight indentations in the tile floor, some relatively minor buckling, and some of the seams were more noticeable than usual. However, defendant offered no expert testimony or other evidence to show that these problems were the fault of plaintiff or due to bad workmanship. Plaintiff’s evidence clearly shows that the procedure followed in laying the new floor over the existing floor was normal and proper. The preponderance of the evidence is that the floor was properly laid according to the manufacturer’s specifications. There is evidence that the indentations were caused by the manner in which furniture was placed and used by defendant. The problem with the seams could- be caused by moisture coming up through the floor in the den, which was originally constructed as a carport. In any event, the evidence does not show fault or bad workmanship on the part of plaintiff.
For the reasons assigned, the judgment of the City Court is affirmed at appellant’s costs.
Affirmed.